FILED

2007 SEP 24 P 2:38

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

# APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY

Ruth Anne Licursi
30610-160
________________________, Petitioner,
Full Name and Prisoner Number

Federal Prison Camp Danbury
33 1/2 Pembroke Road
Complete Prison Address (Place of Confinement)

Danbury, CT 06811

____________________

Case No. 3:07cv1427(AHN)
(To be supplied by the Court)

v.

Donna Zickefoose, Respondent,
(Name of Warden, Superintendent or authorized person having custody of petitioner)
(Do not use *et al.*)

and

________________, Additional Respondent.
(List additional persons having custody of petitioner, if any)

## CONVICTION UNDER ATTACK

1) Name and location of the court which entered the judgment of conviction under attack Ohio Northern District Court

2) Date judgment of conviction was entered 7-11-06

3) Case number 1:06 CR 122-01

4) Type and length of sentence imposed 36 Months.

5) Are you presently serving a sentence imposed for a conviction other than the conviction under attack in this motion? Yes ___ No X

6) Nature of the offense involved (all counts) Mail Fraud, Attempted Tax Evasion

7) What was your plea? (check one)
Not Guilty ___ Guilty X Nolo Contendere ___

8) If you entered a guilty plea to one count or indictment, and a not guilty plea to another court or indictment, give details:

N/A

9) If you entered a plea of guilty pursuant to a plea bargain, state the terms and conditions of the agreement

N/A

10) Kind of trial (check one) Jury ___ Judge only X

11) Did you testify at trial? Yes X No ___

## DIRECT APPEAL

12) Did you appeal from the judgment of conviction? Yes ___ No X

13) If you did appeal, give the name and location of the court where the appeal was filed, the result, the case number and date of the court's decision (or attach a copy of

the court's opinion or order): ________________

________________

________________

________________

14) If you did not appeal, explain briefly why you did not: ________________

I had no reason to appeal.

________________

a) Did you seek permission to file a late appeal? Yes __ No X

POST-CONVICTION PROCEEDINGS

15) Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court? Yes __ No X

16) If your answer to 15 was "Yes," give the following information:

a) FIRST petition, application or motion.

1. Name of court ________________

2. Nature of proceeding ________________

________________

3. Claims raised ________________

________________

4. Did you receive an evidentiary hearing on your petition, application or motion? Yes __ No __

5. Result ________________

6. Date of result ________________

7. Did you appeal the result to the federal appellate court having

jurisdiction? Yes __ No __ If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)

8. If you did not appeal, briefly explain why you did not

b) As to any SECOND petition, application or motion, give the following information:

1. Name of court

2. Nature of proceeding

3. Claims raised

4. Did you receive an evidentiary hearing on your petition, application or motion? Yes __ No __

5. Result

6. Date of result

7. Did you appeal the result to the federal appellate court having jurisdiction? Yes __ No __ If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)

8. If you did not appeal, briefly explain why you did not

---

---

c) As to any THIRD petition, application or motion, give the following information:

1. Name of court ______________________________

2. Nature of proceeding ______________________________

______________________________

3. Claims raised ______________________________

______________________________

4. Did you receive an evidentiary hearing on your petition, application or motion? Yes __ No __

5. Result ______________________________

6. Date of result ______________________________

7. Did you appeal the result to the federal appellate court having jurisdiction? Yes __ No __ If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) ____

______________________________

______________________________

8. If you did not appeal, briefly explain why you did not ____________

______________________________

## CLAIMS

17) State concisely every claim that you are being held unlawfully. Summarize briefly the facts supporting each claim. If necessary, you may attach extra pages stating additional claims and supporting facts. You should raise in this petition all claims for relief which relate to the conviction under attack.

In order to proceed in federal court, you ordinarily must exhaust the administrative remedies available to you as to each claim on which you request action by the federal court.

**Claim One:** I have been placed over 500 miles away from my release residence contrary to BOP Policy 5100.08 and the recommendation from Judge Lesley Wells that I be placed as close to home as possible due to my husband's health. (see att)

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts supporting this claim)

1. Per Judge Lesley Wells, my J & C indicates that I should be placed as close to home as possible. Copy of J & C attached.
2. Copies of all levels of the Administrative Remedy have been provided, along with the replies.
3. Letters from my husband's physician, psychologist, and clergyman have been provided for confirmation of his condition.
4. Copies of letters to H. Watts, National Inmate Appeals attempting to clarify the procedure for the computation of mileage from the release residence to Danbury FPC. (This information was also attempted to be obtained at all levels of the Administrative Remedy Procedure - no answer was ever provided.)

(2) Did you seek administrative relief as to claim one? Yes X No ___. If your answer is "Yes," describe the procedure followed and the result. If your answer is "No," explain why you did not seek administrative relief: I filed each step of the Administrative Remedy Process in a timely manner and was given the same stock answer each time with no explanation as to how the BOP figures I am NOT over 500 miles from my release residence - especially when my family drives over 1000 miles to be able to visit me.

**Claim Two:** ______

Ruth Anne Licursi   30610-160

When I received my self surrender letter and it indicated that
I was to report to Danbury, Ct., I immediately contacted my
attorney.  He advised me, incorrectly, that what I should do
is report to Danbury, as scheduled, and let them know that I
was sent here in error and that I need to be transferred to
either Lexington, Ky. or Alderson, W. Va. as per my judge's
recommendation on my J & C.  We had three weeks notice to deal
with the situation, but I followed his instructions.  I have
to say that being ignorant of how the system works, I did not
realize he was unfamiliar with the federal system.  Lexington
is 310 miles from my home and Alderson is 360 miles from my
home.  Danbury is 526 miles from my release residence in Ohio.
My family must travel over 1000 miles and 8 1/2 - 9 hours each
way to visit me. I have sent copies of the internet information
that confirms this distance.

As you can see by the time line that I have included, I have
been trying to get closer to home for almost one year.  I have
hit a brick wall every direction I have tried, and still
not received an explanation as to how the BOP computes their
mileage.

My husband is 60 years old and is a stroke survivor.  The details
of his condition are explained in the physician's letter included
in this packet.  He is unable to work and it is increasingly
difficult for him to drive here, especially in the winter, and
through the mountains of Pennsylvania.  His health and well
being are being put at risk weekly.  Even if he could afford
to fly, he is unable to do so as described in his psychologist's
letter included in this packet.  I have six children and six
siblings, all from m  area in Ohio.  The distance and the expense
has made it extremely difficult for me to see them.  Some I
have not seen for a year.

I have tried to comply with all the proper procedures, but I
have been given absolutely no assistance at Danbury.  This is
a place where the staff's main purpose is to convince you that
you are "just an inmate" and therefore not worthy of their time
or help.  There is absolutely nothing offered at Danbury to
better yourself or help you prepare for your future.  I have
a need and a desire to train for a new career while I am serving
my time. I will be unable to return to my previous profession,
and I understand.  This was my fault, however I am determined
to make a new life and to fulfill my obligation of restitution
the best I can.  I must also return to supporting my husband.
Judge Wells was kind enough to acknowledge this need and she
therefore chose to recommend Lexington or in the alternative
Alderson.  According to Ms. Ferris, my Case Manager, the BOP
has absolutely no interest in rehabilitation.  When I asked
her about having the opportunity to improve my situation she
replied that the BOP does not really care about the future of
inmates.

I have attched confirmation of everything that I have spoken
of above.  I am requesting to be transferred to where I should

have originally been sent. I am not reuesting any kind of reduction of my sentence or home confinement. I take my offense seriously and want to do as Judge Wells suggested and make this time work for me. I am trying to make this easier for my husband and my family as well as plan for the future of my husband and myself.

Please take all of this into consideration as you consider my request for transfer.

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim)

(2) Did you seek administrative relief as to claim one? Yes __ No __. If your answer is "Yes," describe the procedure followed and the result. If your answer is "No," explain why you did not seek administrative relief: ____________________

**Claim Three:** ____________________

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim)

(2) Did you seek administrative relief as to claim one? Yes ___ No ___. If your answer is "Yes," describe the procedure followed and the result. If your answer is "No," explain why you did not seek administrative relief: ___

18) Do you have any petition, application, motion or appeal now pending in any court, either state or federal, regarding the conviction under attack? Yes ___ No X. If "Yes," state the name of the court, case file number (if known), and the nature of the proceeding: ___

19) State briefly why you believe that the remedy provided by 28 U.S.C. § 2255 (Motion to Vacate Sentence) is inadequate or ineffective to test the legality of your detention: I have not requested any reduction in my sentence - just to be closer to my home, as suggested when I was sentenced so that my family dies not have the burden of distance and expense to visit me.

Wherefore, petitioner prays that the court grant him such relief to which he may be entitled in this proceeding.

Signature of Attorney (if any)

Petitioner's Original Signature

30610-160

Petitioner's Inmate Number

Attorney's Full Address and Telephone Number

DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the petitioner in this action, that he/she has read this petition and that the information contained in the petition is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at Danbury, CT. on 9-18-07
(Location) (Date)

Petitioner's Original Signature

# TIME LINE

## 2006

| | |
|---|---|
| 10-4 | Filed request for hardship transfer with Mr. Keyes (case Manager) - He never submitted the request. |
| 11-27 | Filed request for hardship transfer with Ms. Ferris (Case Manager) |
| 12-11 | Was informed by Ms. Ferris that transfer was denied Nothing in writing was provided giving reason |
| 12-16 | Administrative Remedy Began |
| 12-20 | Filed Form BP229 |

## 2007

| | |
|---|---|
| 1-17 | Received denial - states mileage not over 500 |
| 1-29 | Filed BP230 |
| 3-5 | Received denial - states not over 500 miles |
| 3-22 | Filed BP231 |
| 5-19 | Received denial - states not over 500 miles |
| 7-16 | Letter to H. Watts, National Inmate Appeals requesting explanation of mileage computation |
| 8-23 | Letter to H. Watts, National Inmate Appeals requesting, once again, explanation of mileage computation |

ATTACHMENTS

1. BP229 (Administrative Remedy Institution Level)and Denial
2. BP230 (Administrative Remedy Regional Level) and Denial
3. BP231 (Adminstrative Remedy General Counsel) and Denial
4. Map Quest confirming distance between release residence And FPC Dambury, Ct.
5. Maps.COm confirming distance between release residence And FPC Danbury CT.
6. Letter from Mr. Licursi's Medical Phyisician verifying his health concerns
7. Letter from Psychologist verifying Mr. Licursi's mental and emotional concerns
8. Letter from Clergy indicating Mr. Licursi's needs
9. Letter to Mr. Harrell Watts requesting explanation of mileage
10. Letter to Mr. Harrell Watts AGAIN requesting explanation of mileage
11. Copy of J & C.

CERTIFICATE OF SERVICE

I, Ruth Anne Licursi, certify that a true and correct copy of the foregoing has been placed in the Danbury Federal Prison Camp Mail Depository, on the 18 day of September, 2007, and sent to the following:

(Name and Address of Addressee)

Office of the Clerk
United States District Court
915 Lafayette Boulevard
Bridgeport, CT. 06604

Ruth Anne Licursi 30610-160
(Name of Inmate)

In accordance with the Prison Mail Box Rule (Houston v. Lack, 487 U.S. 266 (1988), this Motion is deemed filed upon placement in the Prison Mailroom.

CERTIFICATE OF SERVICE

I, Ruth Anne Licursi, certify that a true and correct copy of the foregoing has been placed in the Danbury Federal Prison Camp Mail Depository, on the 18 day of September, 2007, and sent to the following:

(Name and Address of AUSA)

Office of the Clerk
United States District Court
915 Lafayette Boulevard
Bridgeport, CT. 06604

Ruth Anne Licursi 30610-160
(Name of Inmate)

In accordance with the Prison Mail Box Rule (Houston v. Lack, 487 U.S. 266 (1988), this Motion is deemed filed upon placement in the Prison Mailroom.

(1)

**REQUEST FOR ADMINISTRATIVE REMEDY**

*...attachments are needed, submit four copies. Additional instructions on reverse.*

| ...Anne | 30670-160 | Camp | Danbury |
|---|---|---|---|
| ... MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

...writing that a decision to deny my ... reconsidered.

...ed for a transfer to be moved closer ... to my husband's medical condition ... was denied by the region. The ... to me was that I do not reside ... 500 mile limit when I inquired ... possible, since my husband ... (attachment)

Ruth Anne ...

SIGNATURE OF REQUESTER

see attached

WARDEN OR REGIONAL DIRECTOR

...the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days...

...INMATE ... CASE NUMBER: ...

CASE NUMBER: ...

| ... FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

RECIPIENT'S SIGNATURE (STAFF MEMBER)

Ruth Anne Lewinski
30610-160
PAGE 2

drives 1056 miles round trip which takes 9 hours each way in good weather. I was told the mileage is computed in "air miles". Since my husband is medically unable to fly, this has caused him great hardships and a terrible amount of anxiety.

My husband suffered a severe stroke in 2001. I supplied copies of letters from his personal physician and his psychologist with my initial request to Ms. Ferris. Copies are available if needed.

I feel it is unfair to use "air miles" to compute the distance and that the fact that he is medically unable to fly should be taken into consideration.

I am once again requesting to be transferred closer to home. Lexington is 4½ hours from home and Alderson is 5½ hours. Either of these would help to relieve some of the hardship. My husband's health and safety is at issue. Each time he travels to Danbury he is at risk.

Please reconsider the decision to deny my transfer and take into account the mileage and travel time for each visit to Danbury.

Thank you.

**ADMINISTRATIVE REMEDY**
**Inmate Name: LICURSI, Ruthanne M**
**Reg. No. 30610-160**

**PART B - RESPONSE (438815-F1)**

This is in response to your request for administrative remedy, in which you request to be reconsidered for a transfer closer to family.

A review of your case file indicates that a request for a 313 Transfer was submitted by the Camp Unit Team. On December 11, 2006, the transfer was denied by the Designation and Sentence Computation Center (DSCC). The denial was based on records that reveal that you are within 500 miles of your release residence.

Accordingly, your request for a transfer is denied.

If you are dissatisfied with the response, you may appeal to the Regional Director at the Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106. Your appeal must be received by the Regional Office within 20 calendar days of the date of this response.

D. Zickefoose
Donna Zickefoose, Warden

1/17/07
Date

U.S. Department of Justice

Federal Bureau of Prisons

(2)

1-22-01 RL

# Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Licursi, Ruth Anne M. — LAST NAME, FIRST, MIDDLE INITIAL | 30610-160 — REG. NO. | Camp — UNIT | Danbury Camp — INSTITUTION

**Part A - REASON FOR APPEAL**

I am once again requesting a transfer to be moved closer to home and under the 500 mile recommended distance from my home. My husband and family drive 528 miles each way to visit me. (He has measured this distaNCE WITH HIS TRIPOMETER IN HIS CAR.)That is 1056 miles per visit. He must drive 8 1/2 - 9 hours to get here each way, and that is in good weather. I have included directions from both MapQuest and Maps.com which both indicate we are over 500 miles away (See attachment 5 & 6).

My husband is a stroke survivor and is limited in his activities. As you will see from the letters attached from his medical doctor, his psychologist and our clergyman, they all believe this long trip is very dangerous for him. (See attachment 2, 3, and 4). He is unable to fly and would not be able to bear the expense even if he could. It is presently costing him $200/wk to travel to Danbury. He is unable to work and the expense is putting a great hardship on him. I am requesting that you explain to me

1-20-07
DATE

Ruth Anne Licursi
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 438815-R1

**Part C - RECEIPT**

CASE NUMBER:

Return to:

LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN

PRINTED ON RECYCLED PAPER

BP-230(13)

of the method you use to figure the mileage because everyway we figure it we are over 500 miles.

It states in the BOP policy that you are supposed to be placed in the closest facility to your release residence and it should be under 500 miles. (See attachment #1). We are over that recommended limit. It also states that the BOP encourages family visits, but that is difficult if you are not within a reasonable commute distance. They have made it just the opposite for my family.

My husband's health, both physical and mental as well as his spiritual health is at risk. He is fragile since his stroke and my entire family has great concern when he travels. My six children are adults and have small children of their own. This distance has made it difficult for them to travel with infants. My six siblings are also burdened by the distance and expense for a visit.

I am requesting nothing but to be moved closer to my family to make it easier for them. They committed no crime, yet they are bearing the hardships. I have no complaints about Danbury, only that it is so far from home. I have adjusted here and it will be difficult for me to move, but my family's well being is at stake. I have tried to comply with all that has been asked of me as my counselor, Mr. Tinelli, will confirm.

Please consider my transfer to either Lexington, Kentucky which is 310 miles from home and has a travel time of 4 1/2 hours or to Alderson, W. Virginia which is 360 miles from home and atravel time of 5 1/2 hours. In making your decision please take into account that the population at both camps is currently below capacity:

1147-Alderson 292-Lexington

as of the information posted on the internet site as of 1-21-07.

Please give special attention to my husband's health and the hardship for him.

I first requested my transfer on 11-27-06 to Miss Ferris. I have since complied with steps of the Administrative Remedy Process.

I THANK YOU IN ADVANCE FOR YOUR TIME AND ATTENTION TO THIS REQUEST.

**LICURSI, Ruthanne**
Reg. No. 30610-160
Appeal No. 438815-R1
Page One

---

**Part B - Response**

You appeal the decision of the Warden at FCI Danbury to deny your request for a nearer release transfer to a facility closer to home. You assert your current placement is a hardship for you and your family.

Program Statement 5100.08, Inmate Security Designation and Custody Classification Manual, permits staff to use professional judgement within specific guidelines when making classification decisions. The objective of inmate classification is to place each inmate in the most appropriate facility for service of their sentence. The above referenced policy further indicates inmates will ordinarily be considered for nearer release transfers after 18 months within the facility with clear conduct. Once the inmate has been transferred within 500 miles of his or her release residence, no further referrals will be made for nearer release transfer consideration. Circumstances such as security needs, inmate safety, population balance and the needs of the Bureau may prevent placement of inmates as close to their residences as desired.

Records indicate you arrived at FCI Danbury on September 19, 2006, less than 18 months ago. Based on the above, you are not eligible for nearer release transfer consideration at this time. Furthermore, you are within a 500-mile radius of your release residence, likely precluding a transfer of this nature. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: March 5, 2007

for
D. SCOTT DODRILL
Regional Director

(3)

Department of Justice

**Central Office Administrative Remedy Appeal**

[illegible] If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attach- [illegible] with this appeal.

| [illegible]si, Ruth Anne M. | 30610-160 | Camp | Danbury |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

I am, for the fourth time, requesting a transfer to either Lexington, Kentucky or Alderson, West Virginia.
I have requested this transfer for the following reasons:

1. This recommendation was omitted from my original J & C in July 2006. My attorney did not catch the omission.
2. I am over the 500 mile recommended limit.
3. My husband is a stroke survivor and this distance is causing immense harm and hardship for him and my entire family, both physically and emotionally.

I have requested at all levels of this process that the BOP provide me with the method with which they compute the mileage. I have attached backup that, I believe, proves that I am indeed over 500 miles from my release residence. Please take a moment to actually look at the two confirmations of mileage from two different internet sites. MapQuest and [illegible].com.

It was recommended at my sentencing that I be placed in either Lexington

SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
MAR 27 2007
Administrative Remedy Section
Federal Bureau of Prisons

GENERAL COUNSEL

[illegible] TO INMATE CASE NUMBER: 438815-A1

CASE NUMBER:

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN Previous editions not usable BP-231(13) APRIL 1982

or Alderson. This was erroneously left out of my J & C. I have attached a copy of the "Amended" J & C which Judge Lesley Wells has recently filed. This should have been the way the original document read. Judge Wells is aware of my husband's health and his limitations and the fact that my entire family lives in the Cleveland, Ohio area. The BOP has created a great hardship both phycially and financially for my entire family. The trip takes 8 1/2 - 9 hours and this is a very long distance for my husband to travel as evidenced by the the attached copies of letters from his medical doctor, his psychologist, and our clergyman.

Lexington is 310 miles and ALderson is 360 miles from my release residence. Either would cut the travel time to between 4 1/2 and 5 1/2 hours. Both are minimum security camps which are the same as Danbury. Either would satisfy BOP Policy 5100.08.

I am applying for this trasfer due to the physical and emotional hardship being imposed on my family resulting from the distance I have been placed away from home, I believe in error. Since my husband's stroke he is unable to fly, even if the expense didn't make it financially impossible. I have 6 adult children, 6 siblings, 8 grand-children, as well as my husband that I have been separated from. It is my understanding that the BOP encourages visitation. Why then do they do their best to make it an impossibility?

I would ask you to please review the attached documents. I truly don't believe this has been done to date. The backup documents listed below will confirm the information I have presented to you:

1. Amended J & C
2. Map Quest showing mileage
3. Maps.Com showing mileage
4. Letter from medical doctor
5. Letter from psychologist
6. Letter from clergyman

I respectfully implore you to grant me a transfer to one of the places recommended by Judge Wells in my Amended J & C. I truly appreciate your earliest attention to this critical matter.

**Administrative Remedy No. 438815-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you request a nearer release transfer to an institution closer to your release residence. You claim your current placement is a hardship for you and your family.

Our review reveals the Warden and Regional Director adequately responded to the issues you raised in your appeal. The issue of transfers is left to the discretion of the Warden and staff at the Designation and Sentence Computation Center per Program Statement 5100.08, Security Designation and Custody Classification Manual. The Bureau of Prisons attempts to designate inmates to facilities as close to their homes as possible commensurate with their security needs. Several factors considered in redesignations (transfers) from one Bureau institution to another to include but not limited to release residence, population pressures, security level, program needs, and public safety.

As indicated in your responses, your current placement places you within 500 miles of your release residence, and is commensurate with your security needs. While we empathize with your family situation, we find you are appropriately designated. Accordingly, your appeal is denied.

May 16, 2007
Date

Harrell Watts, Administrator
National Inmate Appeals



ATTACHMENT #4

**Start:** **10530 Juniper Ct**
Strongsville, OH 44136-2661, US

**End:** **33 Pembroke Rd**
Danbury, CT 06811-2932, US

MAPQUEST using Shortest Time 8 hrs 16 min. 508.36 miles

**Notes:**

**Directions**

**Total Est. Time:** 8 hours, 16 minutes **Total Est. Distance:** 508.36 miles

| | Directions | **Distance** |
|---|---|---|
| START | **1:** Start out going NORTH on JUNIPER CT toward SYCAMORE CIR. | <0.1 miles |
| | **2:** Turn LEFT onto SYCAMORE CIR. | <0.1 miles |
| | **3:** Turn RIGHT onto FORESTVIEW DR. | 0.1 miles |
| | **4:** Turn LEFT onto PINE LAKES DR. | 0.3 miles |
| | **5:** Turn RIGHT onto WEBSTER RD. | 0.3 miles |
| | **6:** Turn LEFT onto WHITNEY RD. | 1.3 miles |
| | **7:** Turn LEFT onto PEARL RD / US-42. | 0.2 miles |
| EAST 80 | **8:** Merge onto I-80 E via the ramp on the LEFT toward OHIO TURNPIKE (Portions toll). | 57.3 miles |
| EAST 80 | **9:** Merge onto I-80 E via EXIT 218 toward YOUNGSTOWN (Crossing into PENNSYLVANIA). | 278.3 miles |
| NORTH 81 | **10:** Merge onto I-81 N via EXIT 260B on the LEFT toward WILKES-BARRE. | 35.5 miles |
| 187 EXIT | **11:** Take EXIT 187 toward I-84 E / MT POCONO / I-380 S / MILFORD / US-6 E / CARBONDALE. | 0.5 miles |
| EAST 84 | **12:** Merge onto I-84 E toward MT POCONO / MILFORD (Portions toll) (Passing through NEW YORK- then crossing into CONNECTICUT). | 130.8 miles |
| 5 EXIT | **13:** Take EXIT 5 toward CT-37 / CT-53 / DOWNTOWN DANBURY / CT-39 / BETHEL. | 0.1 miles |
| | **14:** Turn SLIGHT RIGHT onto DOWNS ST. | 0.1 miles |

**15:** DOWNS ST becomes CT-37. 2.8 miles

**16:** End at **33 Pembroke Rd**
Danbury, CT 06811-2932, US

**Total Est. Time:** 8 hours, 16 minutes **Total Est. Distance:** 508.36 miles

ORBITZ Map out great hotel rates on Orbitz

ATTACHMENT #5

START 10530 Juniper Ct, Strongsville, OH, 44136

END 33 Pembroke Rd/Hwy 37/CT-37, Danbury, CT, 06811

| Driving Directions: | TOTAL TIME: 8 hours 49 minutes | DISTANCE: 508.1MI | |
|---|---|---|---|
| 1 | Turn left on Sycamore Cir | <0.1 | MI |
| 2 | Turn right on Forestview Dr | 0.1 | MI |
| 3 | Turn left on Pine Lakes Dr | 0.1 | MI |
| 4 | Turn right on Webster Rd | 0.3 | MI |
| 5 | Turn left on W Sprague Rd/Sprague Rd | 0.9 | MI |
| 6 | Turn right on Pearl Rd/US 42 | 1 | MI |
| 7 | Turn left on I 71 Southbound/Medina Fwy | 0.3 | MI |
| 8 | Continue on I 71 Southbound/Medina Fwy | 0.3 | MI |
| 9 | Exit right following the sign Youngstown, Toledo/I 80 (EXIT 233) | 0.9 | MI |

| | | | |
|---|---|---|---|
| 10 | Ramp forks, keep left to Youngstown/I 80 Eastbound | 0.4 | MI |
| 11 | Continue on Ohio Tpke/I 80 Eastbound | 0.5 | MI |
| 12 | Exit right following the sign Turnpike/I 80 Eastbound (EXIT 15) | 56.1 | MI |
| 13 | Ramp forks, keep left to I 80 Eastbound | 0.8 | MI |
| 14 | Merge on to I 80 Eastbound | 0.6 | MI |
| 15 | Exit left following the sign I 80 Eastbound | 4.1 | MI |
| 16 | Merge on to I 80 Eastbound/Hwy 11 Northbound | 0.2 | MI |
| 17 | Exit left following the sign Wilkes-Barre/I 81 Northbound (EXIT 260B) | 271.9 | MI |
| 18 | Continue on I 81 Northbound | 0.6 | MI |
| 19 | Freeway forks, keep right to Carbondale, Mount Pocono, Binghamton/US 6 Eastbound, I 84 (EXIT 187) | 34.8 | MI |
| 20 | Exit right following the sign I 84 Eastbound/I 380 Southbound | 0.4 | MI |
| 21 | Continue on I 84 Eastbound/I 380 Southbound | 1.5 | MI |
| 22 | Exit left following the sign Milford, EAST BENTON/I 84 Eastbound | 2.4 | MI |
| 23 | Merge on to I 84 Eastbound | 0.5 | MI |
| 24 | Exit right following the sign Downtown Danbury/HWY 37, HWY 39, HWY 53 (EXIT 5) | 126.1 | MI |
| 25 | Exit ramp (bear left) at Downs St/Down St | 0.1 | MI |
| 26 | Continue, road becomes North St/Hwy 37 | 0.2 | MI |
| 27 | Bear left on Padanaram Rd/Hwy 37 | 0.7 | MI |
| 28 | Bear right on Pembroke Rd/Hwy 37 | 1.3 | MI |
| 29 | Arrive at your destination | 0.9 | MI |

P:1/1

ATTACHMENT #6

UNIVERSAL
Treatment & Recovery Center

**Richard M. Cole, D.O.**
42563 North Ridge Road
Elyria, Ohio 44035
Phone: 440-324-4694 Fax: 440-324-2466
www.utrc.net

October 13, 2006

Re: Ruthanne Licursi
Prison #30610-160

Mr. Kee
Case Manager
FCI Danbury
Federal Corrections Institution
Rte 37
Danbury, Connecticut 06811

Dear Mr. Kee:

I would like to request your assistance in a matter regarding inmate Ruthanne Licursi. I am currently caring for her husband, Robert Licursi. Mr. Licursi has a history of previous cerebral vascular accident secondary to hypertension. He has residual symptoms from this stroke that include marked weakness of his left extremities, as well as speech difficulties. He has very severe situational anxiety, as you can certainly understand, due to the circumstances involving his wife. This severe anxiety, as well as associated insomnia, definitely have the potential to aggravate his hypertension and place his general health at risk. A commute of over 500 miles and approximately 10 hours each way, in order to visit his wife, would be considered not only an undue hardship, but also a significant risk.

From a medical standpoint, it would greatly benefit this individual to have his wife transferred to a facility that is closer to his residence and would allow a more reasonable commute. I would appreciate any assistance you can give to this gentleman in this matter.

If I can be of any further assistance, please do not hesitate to contact me.

Cordially,

Richard M. Cole, D.O.

ATTACHMENT #7

JOHN SHULTZ, PH.D.
*President*

CARING, SOLUTION-ORIENTED HELP FOR:

- Family conflicts
- Marriage & relationship issues
- Depression & anxiety
- Panic attacks & phobias
- Stress & anger management
- Grief & loss
- Coping with divorce
- Eating disorders
- Men's & Women's issues
- Geriatric issues
- Pain management
- Children with ADHD & learning difficulties
- Inner Healing Prayer
- Spiritual concerns

FOR YOUR CONVENIENCE

- Six locations to serve you
- Evening & Saturday appointments available
- Insurance welcome
- Visa & MasterCard accepted

**Main Office**
259 Sandusky Street
Ashland, OH 44805
(419) 289-1876
Fax: (419) 281-6430

**Amherst Office**
9080 Leavitt Road
Elyria, OH 44035
(440) 986-2600
Fax: (440) 986-2603

**Bellevue Office**
817 Kilbourne St., Suite G
Bellevue, OH 44811
(419) 483-9411
Fax: (419) 483-9247

**Berlin Office**
Hummel Bldg., St. Rt. 39
P.O. Box 32
Berlin, OH 44610
(330) 893-8100
Fax (330) 893-7209

**Chagrin Falls Office**
26 S. Franklin Street
Chagrin Falls, OH 44022
(440) 247-7010
Fax: (440) 247-7036

**Mansfield Office**
1221 S. Trimble Rd. A-2
Mansfield, OH 44907
(419) 756-0803
Fax: (419) 756-0823

**(800) 778-3356**

December 19, 2006

Honorable Lesley Wells
U.S. District Senior Court Judge
Howard Metzenbaum U.S. Courthouse
201 Superior Ave. NE
Cleveland, Ohio 44114

Re: Ruth Licursi/DOB 10/16/1950

To Whom It May Concern:

I am writing in reference to Bob Licursi, the husband of Ruth Licursi. Mr. Licursi has been under my care since August 3, 2006 for a Major Depressive Disorder. During this time his condition has deteriorated and I attribute this to the stress (physical and mental) that he is encountering as he drives over 1,050 miles per weekend to visit his wife. (Incarcerated in Connecticut)

Today Bob was experiencing considerable depression and anxiety because of a failed appeal to get his wife moved to a prison that is closer. The reason for the failed appeal was that she is within 500 "Air Miles" of Bob's residence. A complicating factor is that Bob has a few phobias. One of them is the fear of flying. This makes it impossible for him to fly to Connecticut to visit his wife. His only alternative is to drive, which is problematic in that his 1,050 mile trip takes 8 ½ hours each way.

If there is any way that his wife could be moved closer it would be of great help in keeping her husband stabilized. I'm sure you can understand my concern for him physically and emotionally, as well as the safety hazard that he presents as a 59 year old driving over 1.000 miles every weekend.

While it seems intuitive that he might simply not visit every weekend, it is my opinion that the Anxiety of staying home would be equally exasperating.

Please contact me if I can be of further help.

Sincerely,

[signature]

Paul Williams; LPCC, LICDC

ATTACHMENT

#8

Rev. William J. Wisniewski
Portage County Hospice
529 North Scranton Street
Ravenna, Ohio 44266
330- 297-7624 -
330-931-0111- cell

January 15, 2007

Regional Director NE Region
D.Scott Dodrill
Federal Bureau of Prisons
2nd & Chestnut St., 7th Floor
Philadelphia ,PA 19106

Re:Inmate: Ruth Licursi- 30610-160
Danbury CT, FCI

Dear Director Dodrill:

I write on behalf of inmate **Ruth Licursi-# 30610-160**-I have been clergy person to her and her family for over 30 years. I visited with her and her husband this past weekend.

I ask for your assistance in facilitating her transfer to the camp at Alderson in West Virginia. I make this appeal for several reasons:

Ruth is making progress at the Danbury FCI Camp. She has come to recognize her need to be in treatment for Drug and Alcohol abuse. She is striving to be positive at Danbury.
Another reason: Danbury is over 530 miles from her home. (One way) Her husband Robert has traveled to visit over 18 visits to be with his wife. Their visits are positive and helpful in Ruth's overall adaptation to rehabilitation.

Robert is a stroke survivor. He is currently in therapy with a psychologist .His medical conditions have been submitted in Ruth's file. I am concerned with his driving over 1,100 miles every weekend to be a support to his wife.

I ask that you please consider this request.
Sincerely,
Rev. William J. Wisniewski
(Rev.) William J. Wisniewski



July 16, 2007


Mr. Harrell Watts, Administrator
National Inmate Appeals
Federal Bureau of Prisons
320 First Street NW
Washington, D.C.   20534


Re:   Case ç 438815-A1


Dear Mr. Watts:


I am writing because I still have not received an answer to
the question of how the BOP figures the mileage from the release
residence to the institution.  I have read all 108 pages of
5100.08 (Inmate Security Designation and Custody Classification)
that I was finally provided with after many requests.  The policy
states that an inmate will be placed within 500 miles from the
release residence.  I sent you verification that I am indeed
over 500 miles from my residence.  I requested that you explain
to me how you figure the mileage, since you say the distance
is less than 500 miles.  You did not answer that question.
You referred me to this policy, however the policy backs me
up and states that I should not be over 500 miles from home.

I am trying to understand what you are indicating because I
see no way that it can be less distance.

If you could please clarify this point for me I would truly
appreciate it.  It just doesn't make any sense.  I have heard
that it could possibly be "air miles", however that is not what
the policy states so that cannot be correct.  Any help you can
give me to enable me to understand would be most helpful.

Thank you in advance for your kind assistance.


                                  Sincerely,


                                  Ruth Anne Licursi
                                  30610-160
                                  FPC Danbury
                                  33 1/2 Pembroke Rd
                                  Danbury, CT 06811

(10)

August 23, 2007

Mr. Harrell Watts, Administrator
National Inmate Appeals
Federal Bureau of Prisons
320 First Street NW
Washington, DC 20534

Re: Case 438815-A1

Dear Mr. Watts:

I am attempting, once more, to get a simple answer to a simple question. HOW DOES THE BOP FIGURE THE MILEAGE FROM THE RELEASE RESIDENCE TO THE INSTITUTION? I sent you a Mapquest and a Maps.Com printout showing you that I am indeed over 500 miles from Danbury. My husband drives 526 miles one way. I read Policy 5100.08 and it actually backs my theory up and not the one you are sending me. It states "an inmate will be placed within 500 miles of the release residence". The security level at both Lexington (310 miles) and Alderson (360 miles) is the same as at Danbury. I have supplied you with confirmation of the mileage and also a copy of my J & C which states I should have been placed at either of those institutions. Your mileage calculations do not hold up according to the policy.

Would you please answer my question, so that I may try to comprehend the BOP's vision of my problem. You sent me a copy of my original Administrative Remedy Form and the reply - but that does not answer the question I have asked nor does the Policy 5100.08, which I have read all 108 pages of. It can't be that difficult to just provide me with a description of how the BOP figures this out.

Thank you in advance for your time and attention to my inquiry.

Sincerely,

Ruth Anne Licursi 30610-160
FPC Danbury
33 1/2 Pembroke Rd.
Danbury, CT 06811

cc: Honorable Judge Leslie Wells
Neil Jamieson, Attorney

(11)

AO 245B (Rev. 6/05) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Northern District of Ohio

UNITED STATES OF AMERICA
v.
RUTHANNE M. LICURSI

AMENDED
JUDGMENT IN A CRIMINAL CASE

Case Number: 1:06 CR 122-01

USM Number: 30610-160

Neal M. Jamison
Defendant's Attorney

**THE DEFENDANT:**

[✔] pleaded guilty to count(s): one, two and three of the Information.
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| Title 18 USC § 1341 | Mail Fraud | July 2005 | 1 & 2 |
| Title 26 USC § 7201 | Attempted Income Tax Evasion | Year of 2004 | 3 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___.

[ ] Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in the defendant's economic circumstances.

11 July 2006
Date of Imposition of Judgment

[signature]
Signature of Judicial Officer

LESLEY WELLS, United States District Judge
Name & Title of Judicial Officer

3/15/07
Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 36 MONTHS on each count; to be served concurrently.

The defendant shall participate in the Bureau of Prison's Inmate Financial Responsibility Program.

[ ] The court makes the following recommendations to the Bureau of Prisons:
**The defendant be designated to the FCI in Alderson, West Virginia or in the alternative, Lexington, KY in order to be close to her family.**

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[✔] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before 2:00 p.m. on _.
[✔] as notified by the United States Marshal or the Federal Bureau of Prisons.
[ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

______________________________________________

______________________________________________

______________________________________________

Defendant delivered on ____________________ to ____________________

at ____________________, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
Deputy U.S. Marshal